WILLIAM E. EVANS AND LUCIA C. EVANS *v.* EDWARD A. SOWLES.

[IN CHANCERY.]

*Charge of an Annuity upon Land. Jurisdiction in Equity. Adverse Possession. Bona-Fide Purchaser for Value without Notice.*

In 1857, A. devised certain land to his three sons, but provided that if they, their executors, administrators, and assigns, should fail to pay his daughter "the sum of sixty dollars each and every year during her natural life," the land should "belong to, and be the property" of, the daughter. The annuity to the daughter was regularly paid until 1873, when, after several mesne conveyances, the land was conveyed to defendant, who refused to pay, whereupon the daughter brought this bill against him to enforce the proviso of the devise. The answer alleged that defendant was a *bona fide* purchaser for value, but no evidence was filed to support the allegation of payment of value. It appeared that the deed by which defendant took, contained no reference to the charge of the annuity, and it was conceded that the will had not been recorded at the time he bought; but the deed to defendant referred for description to the deed to his grantor, which referred to the deed next elder in the chain of title, in which the land was described as so charged. The sons were also residuary legatees, and they executed a bond to the Probate Court, conditioned for the payment of all the debts and legacies. *Held,* that the annuity was a charge upon the land; that through the failure to pay it, a title to the land impeachable in equity had become vested in the oratrix; that the rights of the parties were therefore a matter of equity cognizance; that though the oratrix might have a nominal remedy at law, she was not bound first to resort to it, because, if she did, defendant, having the same right to resort to equity, might take the matter into a court of equity and deprive her of her apparent legal remedy; that defendant could not hold the premises by adverse possession, as the payment of the annuity was an acknowledgment of the charge; that he could not defend as a *bona fide* purchaser for value without notice, because he had constructive notice through recitals in the elder deed in his chain of title, and because he had adduced no proof that he paid value; and that the annuity should be promptly paid, or defendant's equity foreclosed.

APPEAL from the Court of Chancery.

It appeared that by his last will, which was duly proved on November 28, 1857, Ethan Austin devised to his sons Albert N., Edgar D., and Alban M., a certain farm in Westford, of which he died seised, upon the following condition:

Provided that if the said Albert N., Edgar D., and Alban M., or either of them, or the executors, administrators, or assigns of them or either of them, shall fail to pay unto my beloved daughter Lucia C. Evans during the term of her natural life, the sum of sixty dollars each and every year during her natural life, then and in that case, the said farm shall belong to, and be the property of, the said Lucia C. Evans.

He also appointed his said sons executors of said will and made them his residuary legatees. They accepted the trust, and executed to the Probate Court a bond with sufficient sureties, conditioned for payment of all the debts and legacies. On February 23, 1858, Edgar D. and Alban M. by quit-claim deed of that date, conveyed to Albert N. all their interest in said land, describing it as " being the same land charged with an annuity of sixty dollars per annum by the will of said Ethan Austin, payable to Lucia C. Evans." On December 22, 1858, Albert N. conveyed the same to Alban M., describing it in the same way. On August 27, 1865, Alban M. conveyed to Hiram Bellows, and on June 21, 1873, Bellows conveyed to the defendant. Neither of the deeds in the two last-mentioned conveyances described the premises or referred to the annuity charged thereon otherwise than by reference in each to the deed immediately preceding each in the chain of title — the deed from Bellows referring to the deed from Alban M., and the deed from Alban M. referring to the deed from Albert N. The annuity was paid regularly up to 1873, when the farm was conveyed to the defendant, after which nothing was paid.

This bill was filed at the September Term, 1875, Franklin County, by the said Lucia and her husband William E. Evans, alleging in effect the foregoing facts, and praying that the title in said premises might be confirmed in the orators, that the defendant might be decreed to release to them all and any rights that he might have or claim therein, that he might be perpetually enjoined from interfering with the use and enjoyment thereof by the orators, and for general relief. The defendant answered, alleging that the will was not recorded until after he took his deed, and that he purchased in good faith for value without notice ; that the annuity was not a lien on the premises, but that if it was, the defendant had an equity of redemption ; and that the orators had an adequate remedy at law. The answer was traversed and tes-

timony taken on the part of the orators, but none was filed by the defendant.

At the September Term, 1877, the defendant moved to dismiss, for that the orators had a full and adequate remedy at law by an action on the bond, or by suit against said Albert, Edgar and Alban, or by action of ejectment, and for that that remedy had not been first exhausted. The case was heard on bill, answer, testimony of the orators, and motion, and a decree entered, *pro forma*, for the orators.

Appeal by the defendant.

The defendant, *pro se.*

The defendant and his grantors held continuous possession of the premises for more than fifteen years prior to the deed of June 21, 1873. The defendant's title thereby became good. *Pope* v. *Henry*, 24 Vt. 560; *Hall* v. *Chaffee*, 13 Vt. 150; *Rublee* v. *Mead*, 2 Vt. 544.

The defendant purchased *bona fide* without notice of incumbrance, and took and still holds possession. His title cannot be affected by subsequent records and by proceedings of the orators. Gen. Sts. c. 49, s. 37; *Royce* v. *Hurd*, 24 Vt. 620; *Harrington* v. *Gage*, 6 Vt. 532; *Robinson* v. *Gillman*, 3 Vt. 163.

The action accrued, if any exists under the will, in 1873, more than fifteen years after defendant's grantors had been in possession. Hence, if *Abbott* v. *Pratt*, 16 Vt. 626, is an authority, to have the subsequent record of the will operate retrospectively as evidence, intervening rights could not be defeated thereby.

The orators have a full and an adequate remedy at law. It would be inequitable to visit the delinquencies of the executors *primarily* on the defendant, while equity and the will itself pre-suppose that remedies at law should first be exhausted. *Washburn* v. *Titus*, 9 Vt. 211; *Barrett* v. *Sargeant*, 18 Vt. 365; *Currier* v. *Rosebrooks*, 48 Vt. 34. The case is not like a mortgage where there is a choice of remedies, because the defendant is a stranger to the proceedings, and is not liable at law to pay the annuity.

Besides, the will does not contemplate an *entire* forfeiture of the place until *all* the conditions are broken. The language is,

" shall fail to pay unto my beloved daughter Lucia C. Evans, *during the term of her natural life*, the sum of sixty dollars *each and every year during her natural life*," &c.  " Each and every " are in the conjunctive.  " Each " is demonstrative, and " every " is distributive.    The failure to pay " each " year would not be a failure to pay " every " year during *the term* of her natural life. The testator clearly designed that in the event of the failure of all remedies, then the land should " belong " to the estate of said Lucia.

In any event the Court of Chancery will decree compensation instead of forfeiture.

*Torrey E. Wales* and *Russell S. Taft*, for the orators.

The case is one of equity jurisdiction.    1 Story Eq. Jurisp. s. 602 ; *Dunbar* v. *Dunbar's Exrs.* 3 Vt. 472 ; *Holmes* v. *Holmes*, 36 Vt. 525 ; *Washburn* v *Titus*, 9 Vt. 211.

The statute requiring wills of land to be recorded does not aid the defendant.    The right of the oratrix accrued under the will, and the record when made had relation to the time when the right accrued.    *Abbott* v *Pratt*, 16 Vt. 626.

The defendant can claim no adverse rights from occupancy, as occupancy was under the will ;  nor while the annuity was regularly paid.

The defendant had constructive notice of the charge through the recitals in deeds in his chain of title and the record thereof. *Penrose* v. *Griffith*, 4 Binn. 231 ;  *Garwood* v. *Dennis*, Ib.  314 ; *Douglass* v. *Scott*, 5 Ohio, 200 ;  *Scott* v. *Douglass*, 7 Ohio, 227 ; *Carver* v. *Jackson*, 4 Pet. 83 ;  *Wilson* v. *Hart*, Law Rep. 1 Ch. Ap. 463 ;  Fonbl. Eq. 416 ;  *Frost* v. *Beekman*, 1 Johns. Ch. 288 ; *Parkist* v. *Alexander*, Ib. 394.

The claim that the defendant was a purchaser for value is unsupported by testimony, and therefore untenable.    Mitf. Eq. Pl. 275, and cases *passim*.

Whether or not the defendant will be relieved from forfeiture is in the discretion of the court.    Here payment of the money with interest will not do.    The annuity was intended for the support of the oratrix and should be paid as it falls due.    Time for

the performance is of the essence of the contract. Here was no accident. The default was wilful. *Dunklee* v. *Adams*, 20 Vt. 415; *Henry* v. *Tupper*, 29 Vt. 358; *Weeks* v. *Boynton*, 37 Vt. 297.

But at any rate decree should be for the whole amount due at the date of the decree, and that unless the sums falling due thereafter be paid when due, the estate should vest in the oratrix without further proceedings.

The opinion of the court was delivered by

Ross, J. Ethan Austin bequeathed to his sons, Albert N., Edgar D., and Alban M., the premises described in the orators' bill, subject to a proviso that if they, their executors, administrators and assigns " shall fail to pay to the oratrix Lucia C. Evans the sum of sixty dollars each and every year during her natural life, then and in that case the said farm shall belong to and be the property of said Lucia C. Evans." The title to the farm, by various conveyances, has become vested in the defendant. There has been a failure to pay the annuity since 1872. The bill is brought to enforce the proviso in the bequest. It is conceded, as it must be, that the will makes the annuity a charge upon the described premises. Hence, by force of the proviso, through the failure to pay the annuity, the legal title to the premises has become vested in the oratrix, but this title is impeachable in equity, inasmuch as in that forum forfeitures are odious, and are seldom enforced where an adequate compensation in money can be made. This, of itself, gives the court of equity jurisdiction of the subject-matter. The orators have the same right to bring the subject-matter into a court of equity to have the defendant's equitable rights in the premises determined and foreclosed, that the defendant has. If they had brought an action at law to recover possession of the premises, the defendant could have forced them into a court of equity. Neither does the fact, if fact it be, that they might have an adequate remedy at law by suit on the bond given by Albert N., Edgar D., and Alban M. for the payment of the debts and legacies of the testator defeat their right to foreclose the defendant's equitable rights in the premises. Having two

sources from which satisfaction may be obtained, they have the right of choice, and may pursue either. The defendant has no right to object to their pursuing in equity the security provided by the testator for the payment of the annuity because they might also obtain payment of the same by a suit at law on the bond in the name of the Probate Court. Where a party has two securities for the same debt, with the right to elect which one he will pursue, he must have an adequate remedy at law for enforcing payment from the elected security, to defeat his right to enforce that security in equity. An adequate remedy at law, among other characteristics, is such that the defendant cannot defeat the party in the use of it by himself bringing the subject-matter into equity. On the admitted facts of the case, at law the premises are absolutely forfeited to the oratrix, and the defendant is remediless against the forfeiture in that forum. In a court of equity, he may be relieved from the forfeiture, and would have the right to have the matter there adjudicated, if the orators had brought a suit at law. Hence he cannot object because the orators have brought him into a court of equity in the first instance. His motion to dismiss is not well taken.

On the facts the defendant's claim to hold the premises by adverse possession is without foundation. The payment of the annuity to 1872 was an acknowledgment that the premises were subject to the charge until that date. There could have been no adverse holding before that time.

The defendant also claims to hold the premises freed from the annuity because the will was not recorded until after his deed was taken and recorded, and he claims that he purchased the premises without notice that the annuity was charged thereon. His deed from Bellows contains no description of the premises, but refers him to Alban M. Austin's deed to Bellows for such description. The latter is equally deficient in description of the premises, but refers for the same to the preceding deed in the chain of title, which describes the premises as charged with the annuity. The defendant was thus put upon inquiry in regard to the title, and by pursuing the inquiry would have learned the true state of the title. In equity he is affected with all the knowl

edge he would have obtained by the inquiry.    He is not therefore a *bona fide* purchaser without notice.    Besides, this is a defence set up in his answer.    To make it available he must establish it by proper testimony.    He has introduced no proof to show that he paid value for the premises—an indispensable requisite of a *bona fide* purchaser.

This disposes of the alleged defences.    As an adequate compensation in money can be made, we do not think the forfeiture should be enforced against the defendant, who holds the title by a deed of warranty which contains no mention that the premises are charged with the payment of this annuity.    But as it is evident that the testator intended the annuity for the support of his daughter, the oratrix, we think the decree should be so drawn as to secure the prompt payment of the annuity, both the amount in arrear, principal and interest, and that which shall fall due, or the equity of the defendant be foreclosed.

The decree of the Court of Chancery is affirmed, and cause remanded, with mandate.